UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SUSAN SILVERMAN and STUART
SILVERMAN,,

                              Plaintiffs,                  **ORDER**
                -against-                              CV 13-1349 (JS)(ARL)

JOSHUA BLACKMAN, VICE ENERGY LLC,
PHILIP DADE, VICE PRODUCTIONS, LLC and
VICE PRODUCTIONS,

                              Defendants.
-----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court, are plaintiffs' motions for (i) leave to serve process by alternative means pursuant to Fed. R. Civ. P. 4 upon defendant Philip Dade ("defendant Dade" or "Dade") by email and by certified and regular mail to alternative addresses; and (ii) an extension of time to effectuate service of process upon defendant Dade.

      By way of background, on March 14, 2013, plaintiffs Susan Silverman and Stuart Silverman (collectively the "plaintiffs" or "Silvermans") commenced this action against defendants alleging breach of contract, fraud and trespass and seeking damages from defendants, including Dade, as a result of their alleged fraudulent and destructive actions, which led to substantial damage to their home located at 8 Marion Lane, East Hampton, New York (the "Home").  (Compl., dated March 14, 2013.)  According to the complaint, defendant Joshua Blackman, on behalf of himself and defendant Vice Energy LLC, signed a lease with the Silvermans for the rental of the Home for the month of June 2012 (the "Lease").  (*Id*. at ¶ 10, Ex. 1.)  The terms of the Lease ran from May 30, 2012 to June 30, 2012 and made clear it was for "residential purposes only by the tenant."  (*Id*.)  Following the commencement of the Lease, defendant Dade submitted an application to the Town of East Hampton for a Mass Gathering Permit for the dates of June 9, 16, 23 and 29, 2012 in order to use the Home to produce a reality based video program referred to as "pArty of 5."  (*Id*. at ¶ 13.)  Dade's name did not appear on the Lease, nor was his occupancy ever disclosed to or approved by the Silvermans.  Notably, the Silvermans never met Dade.  (*Id*.)

      According to the plaintiffs, utilizing various social media sources and other research tools, the Silvermans and counsel were able to ascertain that an individual identified as Dade had some unidentifiable connection with Harvard University and that he was residing in the Cambridge, Massachusetts area. (*Korenbaum Decl.*, dated June 28, 2013, ¶ 8.).  Plaintiffs hired an investigator, Richard Egan, to locate this Dade.  (*Id*.)   Egan's efforts revealed that while the individual identified as Dade was not a current student at Harvard University, he was routinely associated with the Harvard University Innovation Laboratory, located at 125 Western Avenue, Allston, MA.  (*Id*. at ¶ 9.)  Plaintiffs however have failed to disclose the basis for their conclusion that the individual so identified is in fact the defendant Dade.   Harvard University produced no

information concerning Dade and a search of the records of the Massachusetts Registry of Motor Vehicles proved unsuccessful. (*Id*. at ¶ 11.)

Plaintiffs assert that from May 17, 2013 through June 1, 2013, a review of publicly available social media accounts purportedly owned by this same "Dade" indicated that he was in the Cambridge, Massachusetts area through the first week of May 2013. (*Id*. at ¶ 12.) A posting on "Dade's" Facebook page on an undisclosed date reported that his purported father, "John G. Dade," owned a building located at 5 Upper Newport Plaza, Newport Beach, CA which was operating as a "virtual office" providing temporary office services and mail receipt services. (*Id*.) As of June 4, 2013 a commercial investigative data base revealed a common address for John Glenn Dade and Philip Dade as 5 Upper Newport Plaza, Newport Beach, CA 92660. (*Id*. at ¶ 13.) That same database identified a mailing address for defendant Dade as Post Office Box 380338, Cambridge, MA 02238-0338 for the period of July 2012 through October 2012. (*Id*.) A search of the online records of the California Secretary of State on an undisclosed date revealed that SLO Newport, Inc. is an "active" corporation, and the agent for receipt of service is listed as Attorney Alan Bartz, 19700 Fairchild Road, Suite 280, Irvine, CA 92612. (*Id*. at ¶ 14.)

Plaintiffs assert that on June 4, 2012, Egan interviewed an unidentified "close female acquaintance" (the "acquaintance") of Dade who claimed that "Dade" had been re-admitted to Harvard University after a ten year hiatus and was affiliated with Dudley House, which serves a community of undergraduates who are non-residents or non-traditional students. (*Id*. at ¶ 15.) The acquaintance informed Egan that "Dade" did not reside in student housing but had sublet an apartment at either 26 Shepard Street or 26E Shepard Street, Cambridge, MA, and thereafter had left the Cambridge area in May 2013 to enroll in the Harvard Summer Program in Prague, Czech Republic from June 2013 until July 26, 2013. (*Id*. at ¶ 16.) According to the acquaintance, "Dade" planned to return to California following the completion of the summer program and would re-enroll at Harvard as a "Special Student" in the Fall 2013. (*Id*.) The acquaintance further advised Egan that "Dade" was aware of the pending litigation and told her that "Dade" had responded from Prague to emails she had sent him just two days earlier, at the email addresses phildade@mac.com[1] and phildade@me.com. (*Id*. at ¶ 17.)

Plaintiffs now seek an order directing substituted service upon defendant Dade pursuant to Fed. R. Civ. P. 4 by (1) allowing service to be effectuated upon defendant Dade by email at the following two addresses, phildade@mac.com and phildade@me.com, and (2) allowing service to be effectuated upon defendant Dade by certified and regular mail at his father's last known business address, and at the address of the agent for receipt of service of process for his father's business. In addition, plaintiffs seek an additional 30 days to serve defendant Dade from the date of the court's decision.

Plaintiffs' motions are denied, with leave to renew upon the submission of an explanation and documentation of a connection between defendant Dade, and the "Dade" who plaintiffs claim

---

[1] Plaintiffs' counsel also obtained the email address of philade@mac.com for defendant Dade. (*Id*.)

2

they found through social media, Facebook postings.  To the extent plaintiff seeks to rely on the mailings to John Dade they must advise the court whether the business address is in current use by John Dade.  To the extent counsel wishes to serve the defendant by email they should provide a declaration from the heretofore unidentified acquaintance confirming her knowledge of Dade's contact information and whereabouts.  Finally plaintiff should address the continued  need for substituted service given their disclosure that the defendant was expected to return to California this past summer, that he appears to have a sublet apartment in Cambridge,MA., and was to re-enroll at Harvard as a "Special Student" this Fall.

                                                                             **SO ORDERED:**

Dated: Central Islip, New York
       October 30, 2013

                                                      _____/s/_____
                                                      Arlene R. Lindsay
                                                      United States Magistrate Judge